UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IF & PC INSURANCE LTD. (Publ.), a Swedish business entity for itself and for the use and benefit of RORVIK TIMBER HOGLANDET, AB, a Swedish business entity and IF LATVIA AAS, a Latvian business entity for itself and f/u/b/o GAUJAS KOKS, SIA, a Latvian business entity,

                Plaintiffs,

vs.                              Case No. 3:06-cv-695-J-33TEM

LITHUANIAN SHIPPING CO., ONEGO SHIPPING AND CHARTERING BV, in personam; and the M/V SKALVA, her engine, gears, tackle, and apparel, in rem,

                Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Onego Shipping and Chartering B.V.'s Motion for Extension of Time to Respond to Plaintiff's Complaint (Doc. # 6), filed on October 13, 2006. Plaintiffs responded on October 17, 2006. (Doc. # 7.) Plaintiffs oppose Onego's motion for extension of time. Id. at 1. Plaintiffs' response also included a motion for default against Onego. Id. at 4.

In its motion for extension of time, Onego represents that it "needs additional time to form its response to Plaintiff's complaint." (Doc. # 6, p. 2.) Specifically, Onego asserts that

this is a complex case, and avers that the pleadings must be reviewed and approved in three different countries before such pleadings may be filed.  Id.

Plaintiffs counter that this is a straightforward cargo claim, and that Onego has had months to consider its position. (Doc. # 7, p. 2.)  Plaintiffs offer that the true reason Onego requests more time is that Onego does not want to file an answer before its co-defendant does.  Id. at 3.  In addition, Plaintiffs argue that Onego and Plaintiffs negotiated "an appearance date of October 13, 2006," and that Onego has not complied with that agreement.  Id. Accordingly, Plaintiffs argue Onego is in default.  Id. at 4. Alternatively, Plaintiffs argue that "Onego should be considered as having waived its entitlement to file any pleading other than an answer."  Id.

Because Onego's counsel is an officer of the court, the Court accepts his representation that Onego requires additional time to formulate an appropriate response to Plaintiffs' complaint. Moreover, defaults are viewed with disfavor in the Eleventh Circuit.  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).  ("[T]here is a strong policy of determining cases on their merits and we therefore view defaults with disfavor.").  For these two reasons, the Court denies Plaintiffs' motion for default and grants Onego's motion for extension of time.  The Court is uncertain of the legal basis for Plaintiffs' request that Onego be

2

barred from responding with anything other than an answer. Thus, the Court denies that request without prejudice. In the event Onego responds with something other than an answer, the Court will consider a proper motion on this matter if Plaintiffs choose to make one.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant Onego's Motion for Extension of Time to Respond to Plaintiff's Complaint is **GRANTED**. Defendant Onego shall respond to Plaintiffs' complaint on or before October 30, 2006.

2. Plaintiffs' motion for default is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 18th day of October 2006.

                                              _____
                                              VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record